UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJIRI TURNER JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.W. WILLIAMS, et al.,<br><br>　　　　Defendants. | Case No. 20-06521 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers of the San Mateo Police Department ("SMPD"), the SMPD, and the City of San Mateo. Dkt. No. 3.[1] Plaintiff has paid the filing fee.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The complaints filed under Docket Nos. 1 and 3 are identical. The Court deems the latest filed copy as the operative complaint in this matter. Dkt. No. 3.

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that during an arrest on September 3, 2014, Defendant Officer Williams tased him twice in the back while Plaintiff was lying face down in handcuffs and non-resistant. Dkt. No. 3 at 5. Plaintiff also claims that Defendant Officer Bickel used excessive force by pressing his right knee against the left side of his face, constricting the carotid artery as Plaintiff lay motionless in handcuffs. Id. at 5-6. Plaintiff claims that Defendant Norris, the supervising officer on scene, failed to intervene at any time while Defendants Bickel and Williams used excessive force. Id. at 6. Plaintiff claims the City of San Mateo and the SMPD are liable for failing to adequately train its police officers and implement policies and procedures to curtail the unnecessary use of force against people of color, resulting in Plaintiff's injuries caused by excessive force. Id. at 6-8. Plaintiff seeks damages. Id. at 11.

Liberally construed, the allegations are sufficient to state a cognizable claim for excessive force under the Fourth Amendment against Defendants Williams and Bickel. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989); see Graham, 490 U.S. at 394-95; see also Gravelet-Blondin v. 728, 728 F.3d 1086, 1093-96 (9th Cir. 2013) (use of taser may constitute unreasonable applicable of force in violation of the Fourth Amendment). Plaintiff also states a cognizable claim for failure to intervene against Defendant Norris.

See Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000); see, e.g., Cortesluna v. Leon, No. 19-15105, slip op. at 19 (9th Cir. Oct. 27, 2020).

With respect to Plaintiff's claim against the City of San Mateo, the complaint fails to state a claim. Plaintiff claims that the City of San Mateo "has a longstanding record of not providing San Mateo police officers with adequate training and not preventing excessive force claims by San Mateo Police officers." Dkt. No. 3 at 6. He also claims that "San Mateo City Council and the City Manager of San Mateo had in fact delegated policy-making authority to Chief Barberini, giving him the responsibility of setting training policies and knew that there were training issues which resulted in the unnecessary use of force against black (African American men, and people of color)." Id. Plaintiff claims "[a]s a result of the lack of training and the official custom or policies of the San Mateo Police Department, Defendant Williams and Defendant Bickel subjected Plaintiff [who is African American] to the excessive use of force described in this complaint." Id.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights. Connick v. Thompson, 563 U.S. 51 at 61 (2011). The local government's liability under § 1983 is at "its most tenuous," however, when the claim is based on a failure to train. Id.

In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Long v. County of Los Angeles, 442 F.3d 1178, 1188-89 (9th Cir. 2006); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Harris, 489 U.S. at 389; see, e.g., Price v. Sery, 513 F.3d 962, 973 (9th Cir. 2008) (upholding grant of summary judgment where plaintiff failed to make a sufficient showing that the city's alleged failure to train its police officers appropriately as to the use of deadly force amounted to a constitutional violation).

Here, Plaintiff alleges that the City of San Mateo gave Chief Barberini the responsibility for setting training policies regarding the use of force against people of color. See supra at 3. Therefore, it cannot be said that the City of San Mateo made a conscious choice regarding training that amounted to a policy. Rather, the failure to take action after the responsibility was delegated to them appears to lie with Chief Barberini and the SMPD. Accordingly, this failure to train claim will proceed against the SMPD and not the City of San Mateo. The Court will liberally construe the complaint as including Chief Barberini as a defendant in this action.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The failure to train claim against the City of San Mateo is DISMISSED for failure to state a claim for relief. The City of San Mateo shall be terminated as a party to this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for

4

Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, (Docket No. 3), all attachments thereto, and a copy of this order upon **Defendants Chief Barberini, Officer D. Norris, Officer M. W. Williams, and Officer Bickel** at the **San Mateo Police Department** (200 Franklin Parkway, San Mateo, CA 94403)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

      3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

      4.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

  5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 2/11/2021

_____
EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\EJD\CR.20\06521Turner_svc

7